(No. 85-CC-2144–)

LITTLE CITY FOUNDATION, Claimant, *v.* THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES OF THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 8, 1990.*

DALEY & GEORGE, LTD. (JOHN J. GEORGE and DENNIS J. AUKSTIK, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (MITCHELL WILNEFF, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

Little City Foundation is duly licensed by the Illinois Department of Children and Family Services as a child welfare institution for the care and treatment of mentally retarded children and adults, some of whom are also multiple handicapped and/or emotionally disturbed. The Department of Children and Family Services is an agency of the State of Illinois created to provide social services to children and their families.

On or about June 30, 1983, Claimant and the Department of Children and Family Services entered into a valid and binding "Purchase of Service Contract" to be effective July 1, 1983, and to expire on June 30, 1984. Pursuant to the contract, Claimant was to provide both room and board and various training services for a specified per diem rate and a specified maximum contract price. Claimant has performed all the terms and obligations under the contract to be performed by Claimant.

The Illinois Department of Mental Health and Developmental Disabilities is an agency of the State of Illinois responsible for setting the Claimant's rate structure. The Illinois Department of Mental Health and Developmental Disabilities determines the Claimant's rate based upon an Interagency Statistical Cost Report submitted by the Claimant directly to the Illinois Department of Mental Health and Developmental Disabilities. Claimant has never been required to submit the Interagency Statistical Cost Report to the Illinois Department of Children and Family Services. It appears that once the rate for Claimant is determined by the Illinois Department of Mental Health and Developmental Disabilities, the Department of Children and Family Services adopts the rate. The Illinois Department of Childen and Family Services applies the rate setting of a lead agency regardless of a contract amendment involving the rate increase.

Claimant submitted a rate request to the Illinois Department of Mental Health in October 1983, for fiscal year 1984. Claimant supplied the Illinois Department of Mental Health and Developmental Disabilities with all materials necessary to support the rate request. On or about February 10, 1984, Claimant and the Illinois Department of Children and Family Services entered into a contract amendment whereby the rates payable to Claimant under the contract were increased by $3.69 to the sum of $54.13 and the rate adjustments were made retroactive to July 1, 1983.

On October 22, 1984, the Illinois Department of Mental Health and Developmental Disabilities informed the Claimant that an error was made in calculating Claimant's revised Fiscal Year 1984 Child Care Institution rate. The Illinois Department of Mental

Health and Developmental Disabilities informed the Claimant that the corrected Fiscal Year 1984 Child Care Institution rate was $65.20 per diem and was to be effective for services provided for July 1, 1983, through June 30, 1984.

The Illinois Department of Children and Family Services recognized the revised rate and applied it to the contract beginning July 1, 1984. The Illinois Department of Children and Family Services refused to recognize the revised rate for services provided by Claimant from July 1, 1983, through June 30, 1984, since it was issued in the next fiscal year.

Based upon the revised rate of $65.20, Claimant has computed the amount of $131,544.81 to be owing from the Illinois Department of Children and Family Services for services provided from July 1, 1983, through June 30, 1984. The computation is not disputed.

It appears that the Illinois Department of Mental Health and Developmental Disabilities is the lead rate-setting agency for services performed by Claimant. By its own admission, the Illinois Department of Children and Family Services follows the rate set by the Illinois Department of Mental Health and Developmental Disabilities as a matter of routine.

The Illinois Department of Children and Family Services previously permitted the Illinois Department of Mental Health and Developmental Disabilities to revise the rate of Claimant. (*Little City Foundation v. Illinois Department of Children and Family Services* (1984), 37 Ill. Ct. Cl. 198.) The facts demonstrate that Claimant and the Illinois Department of Children and Family Services relied upon the rate structure determined by the Illinois Department of Mental Health and Develop-

mental Disabilities. This course of dealing indicates that the parties agreed to be bound by the rate setting of the Illinois Department of Mental Health and Developmental Disabilities regardless of a contract addendum reflecting the change. By its own admission, a contract addendum reflecting the rate revision was unnecessary for the Illinois Department of Children and Family Services and it is bound by the rate revision made by the Illinois Department of Mental Health and Developmental Disabilities in October 1984. *Child Development Centers, Inc. v. State* (1984), 36 Ill. Ct. Cl. 138, 142, citing *Personal Finance Co. v. Meredith* (1976), 39 Ill. App. 3d 695.

The facts indicate that the Illinois Department of Mental Health and Developmental Disabilities committed an error in 1984 in calculating Claimant's revised Fiscal Year 1984 rate. Claimant did not play any part in this error. To the contrary, the record shows that the Claimant timely filed its rate request with the lead rate-setting agency and supplied the Illinois Department of Mental Health and Developmental Disabilities with all requested financial information during fiscal year 1984. The Illinois Department of Children and Family Services should not seek to avoid the revised payment by the delay occasioned by the Illinois Department of Mental Health and Developmental Disabilities in recognizing that an error had been made.

We find that the Claimant has properly and timely requested a rate revision which the Illinois Department of Mental Health and Developmental Disabilities has granted to apply retroactively to the 1984 fiscal year of July 1, 1983, to June 30, 1984, and the Illinois Department of Children and Family Services is required to accept such a determination.

We have been advised in writing by Respondent that sufficient funds lapsed to pay this award.

It is therefore ordered, adjudged and decreed that Claimant is awarded $131,544.81 in full and complete satisfaction of this claim.